Aaron S. Ludwig (AZ Bar No. 018841)
LUDWIG LAW OFFICES, Ltd.
4242 N. 19th Ave., Ste. 150
Phoenix, AZ 85015-5108
LudwigLawOffices@gmail.com
602-882-5417

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Matthew V. Parker,**<br><br>         Plaintiff,<br><br>    vs.<br><br>**State of Arizona, et al.,**<br><br>         Defendants. | Case # 2:17 CV-887-PHX-DWL<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, INCLUDING MOTIONS TO STRIKE** |

   Plaintiff Matthew V. Parker, by Aaron S. Ludwig, his undersigned attorney of record, replies to the Defendants' Responses (dkt. #130 & 131) to the Plaintiff's Motion for Partial Summary Judgment (dkt. # 119 & 120).

### 1. Reply to Section 1 of Defendants' Controverting Statement of Facts (dkt. #131, sec I)

   The Defendants present seven DSOFs in Sec. I.  Plaintiff Parker agrees with DSOFs 1, 2, 4, and 5 (except that the correct date for SOF is May 19, 2015, not May 9, 2015).

**Plaintiff Parker disputes, objects to, and moves to strike DSOFs 3, 6, and 7** pursuant to LRCiv 7.2(m)(2) and FRCP Rule 56(c & e):

**DSOF 3:**

First, this DSOF is not supported at all by the document cited, PSOF Ex. 4.

Second, Parker's declaration statement that his medical disability retirement application was "adjudicated" is supported by his declaration. PSOF 16 & 17.

Third, both parties cite A.R.S. 38-847 as the statute authorizing the Attorney General's Office Local Pension Board which is the administrative agency or forum which issued the decision that is the subject of the collateral estoppel/issue preclusion argument supporting Parker's Motion for Partial Summary Judgment. The provisions of this statute make it clear that the Local Board acts in a quasi-judicial capacity in hearing and adjudicating claims of employees who apply for the benefits provided by law, receives evidence, deliberates and votes on applications, and makes decisions granting or denying benefits, which decisions may be appealed to the Superior Court of Arizona.  A.R.S. 38-847 states, in pertinent part:

> **D.** Except as limited by subsection E of this section, a local board shall have such powers as may be necessary to discharge the following duties:
> **1. <u>To decide all questions of eligibility for membership, service credits and benefits and determine the amount, manner and time of payment of any benefits under the system.</u>**
> **2. To prescribe procedures to be followed by claimants in filing applications for benefits.**
> **3. To <u>make a determination</u> as to the right of any claimant to a benefit and to afford any claimant or the board of trustees, or both, a right to a rehearing on the original determination. Except as otherwise required by law, unless all parties involved in a matter presented to the local board for determination otherwise agree, <u>the local board shall commence a hearing</u> on the matter within ninety days after the date the matter is presented to the local board for determination.** If a local board fails to commence a hearing as provided in this paragraph, on a matter presented to the local board for determination, the relief

demanded by the party petitioning the local board is deemed granted and approved by the local board. **The granting and approval of this relief is considered final and binding unless a timely request for rehearing or appeal is made as provided in this article,** unless the board of trustees determines that granting the relief requested would violate the internal revenue code[1] or threaten to impair the system's status as a qualified plan under the internal revenue code. If the board of trustees determines that granting the requested relief would violate the internal revenue code or threaten to impair the system's status as a qualified plan, the board of trustees may refuse to grant the relief by issuing a written determination to the local board and the party petitioning the local board for relief. **The decision by the board of trustees is subject to judicial review pursuant to title 12, chapter 7, article 6.**[2]

4. **To request and receive from the employers and from members such information** as is necessary for the proper administration of the system and action on claims for eligibility for membership and benefits, and to forward such information to the board of trustees.

. . . . . . . . . . .

9. To appoint medical boards as provided in § 38-859.

10. To sue and be sued to effectuate the duties and responsibilities set forth in this article.

. . . . . . . . .

G. **Except as otherwise provided in this article, any action by a majority vote of the members of a local board that is not inconsistent with the provisions of the system and the internal revenue code shall be final, conclusive and binding on all persons affected by it unless a timely application for a rehearing or appeal is filed as provided in this article.** No later than twenty days after taking action, the local board shall submit to the board of trustees the minutes from the local board meeting that include the name of the member affected by its decision, a description of the action taken and an explanation of the reasons and all documents submitted to the local board for the action taken, including the reports of a medical board. The board of trustees may not implement and comply with any local board action that does not comply with the internal revenue code or that threatens to jeopardize the system's status as a qualified plan under the internal revenue code.

H. A claimant or the board of trustees may apply for a rehearing before the local board within the time periods prescribed in this subsection, . . . . . .

> **J.** Decisions of local boards are subject to judicial review pursuant to title 12, chapter 7, article 6.
> **K.** When making a ruling, determination or calculation, the local board shall be entitled to rely on information furnished by the employer, a medical board, the board of trustees, independent legal counsel or the actuary for the system.
> **L.** Each member of a local board is entitled to one vote. A majority is necessary for a decision by the members of a local board at any meeting of the local board.
> . . . . . . . .

Based upon the statute under which the state administrative Board made its decision approving and granting Parker's application for a medical disability retirement, as a matter of law, the Board acted in an adjudicatory capacity in which the merits of Parker's application were determined and litigated. That the Attorney General (AGO) (Parker's employer) did not actively oppose Parker's application (which it **chose** not to do) does not mean the merits of the application were not adjudicated and litigated.

**DSOF 6:** This DSOF attempts to mischaracterize the final decision of the Local Board as some kind of interim action, rather than an appeal determination on the merits which it was. The documents cited do not support this characterization of the Board action and is contrary to the applicable statute. While the Board had discretion to require Parker to submit to a re-examination on an annual basis if it should chose to do so, there was no requirement for any such examination, and the Board had total discretion to require (or not require) such an examination in the future – See PSOF Exhibit 4, bottom of pg.1, top of pg. 2, citing Local Board Rules Section G(1)(a) which states: "In it's discretion, the Local Board may require members receiving accidental or ordinary disability benefits to undergo an annual medical examination to determine whether they are still disabled . . .". There is no evidence before the Court that Parker has been re-examined or that the Local Board decision approving his application for retirement has been appealed or modified or

vacated in any way.

**DSOF 7:** This DSOF is argument, not fact, and it (1) is contrary the evidence presented with the PSOF, and (2) contrary to the statutory adjudicative function and powers granted to the Board under A.R.S. 38-847, quoted supra.

### 2. Reply to Section 2 of Defendants' Responses to PSOFs (dkt. 131, sec. II)

Response to PSOF 4: There is a fact dispute as to whether Parker was fired or "resigned" when he could not return to work because of his disability. For purposes of this Motion for Partial Summary Judgment, this issue is not material.

Responses to PSOFs 9 & 10: The Defendants dispute these DSOFs because they allege that the Plaintiff fails to provide evidentiary support.  These objections have no merit because these PSOFs come from Parker's declaration which sets forth facts that he personally observed, experienced and has first-hand knowledge of. PSOFs 1-4.

Response to PSOF 11: The Defendants dispute only whether or not Ms. Kern made a diagnosis of PTSD in October, 2014, but does not dispute that she referred Parker to a psychiatrist to make such a diagnosis that month.  This is conceded to be a disputed fact at this point in time within PSOF 11, but it is immaterial to the summary judgment issues presented herein, particularly since Parker has been diagnosed to have PTSD and the Local Board so decided.

Response to PSOF 12:  This PSOF is a direct quote from a document filed in this Court by the Defendants setting forth their position and is therefore a "judicial admission", binding upon the Defendants. In *American Title Insurance Co. v.*

*Lacelaw Corp.*, 861 F. 2d 224, 226 (9th Cir., 1988), the Ninth Circuit stated:

> "For purposes of summary judgment, the courts have treated representations of counsel in a brief as admissions even though not contained in a pleading or affidavit. *United States v. One Heckler-Koch Rifle,* 629 F.2d 1250, 1253 (7th Cir.1980); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2723, pp. 64-66 (1983) (admissions in opponent's brief can be used to determine there is no genuine issue of fact, since they are functionally equivalent to "admissions on file")."

<u>Response to DSOF 17</u>:  See Parker's response to DSOF 6 in Section 1 supra.

### 3. Reply to Response Arguments (dkt. #130)

### A. The issue preclusion requirement of same parties has been met.

The Defendants make an argument not supported by the facts, the law, or common sense, that the decision of the Local Board in Parker's favor should not be given issue preclusive effect because (they argue) the Defendants were not a party to the Local Board proceedings.  The parties were, per A.R.S. 38-847 quoted supra, Parker (the applicant), and the AGO (the employer and the Defendants in this action).  Under the statute, the Defendants (AGO and State) had the opportunity to participate in the Local Board proceedings and support or oppose Parker's application, and to argue otherwise is to construe the statute to provide for one-sided ex-parte proceedings, and/or that the State is not a single entity but instead a conglomeration of separate distinct albeit inter-connected legal entities.

### B. All requirements for issue preclusion have been met.

All requirements for the application of issue preclusion have been met,

under federal and Arizona law. *Hernandez v. Gemini Hospice LLC*, 2017 WL 1318036, 3-4, case # 2:16 CV 1486 PHX GMS (D. Ariz., April 10, 2017). In *Miller v. County of Santa Cruz,* 39 F. 3d 1030, 1032-1033 (9th Cir., 1994), the Court stated:

> *"Elliot* requires us to give preclusive effect, at a minimum, to the factfinding of state administrative tribunals. We have gone further, however, and held that "the federal common law rules of preclusion described in *Elliot* extend to state administrative adjudications of legal as well as factual issues, even if unreviewed, so long as the state proceeding satisfies the requirements *1033 of fairness outlined in [*United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966) ]." *Guild Wineries,* 853 F.2d at 758. The fairness requirements of *Utah Construction* are: (1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate. 384 U.S. at 422, 86 S.Ct. at 1560."

See *Casillas v. Arizona Dept. of Economic Security*, 153 Ariz. 579, 739 P. 2d 800 (App., 1986):

> "Collateral estoppel can be applied to factual issues decided by an administrative agency acting in its judicial capacity. *Yavapai County v. Wilkinson,* 111 Ariz. 530, 534 P.2d 735 (1975); *Farmers Investment Co. v. Arizona State Land Department,* 136 Ariz. 369, 666 P.2d 469 (App.1982)."

### C. Parker concedes that, given certain disputes over material facts, he should be granted partial summary judgment on four, rather than seven issues/elements of proof.

Based upon the Defendants' Response, and given the factual determinations and decision of the Local Board, Parker concedes that three of the seven issues upon which he has sought partial summary judgment are subject to remaining material factual disputes and therefore he seeks summary judgment as

follows as to these four issues upon which he is entitled to judgment as a matter of law pursuant to issue preclusion:

    1. Parker had a disability as defined under the Rehabilitation Act, to-wit: PTSD.

    2. Parker's disability was the result of on the job occurrences while employed by the AGO.

    3. Parker is now unable to work because of his disability and has been unable to work since at least June, 2017 when his disability retirement application was approved by the Board.

. . . . . . . . .

    5.  Parker was not terminated by the AGO for a disciplinary reason.

. . . . . . . . . . . .

. . . . . . . . . . . .

Respectfully submitted on this 18th day of December, 2018.

                                          *s/Aaron S. Ludwig*
                                          Attorney for Plaintiff

This reply shall be filed on the date above pursuant to the U.S. District Court for Arizona Electronic Case Filing Administrative Policies and Procedures Manual,

by: /s/ Aaron S. Ludwig
      Aaron S. Ludwig