**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Matthew V. Parker,

    Plaintiff,

v.

State of Arizona, et al.,

    Defendants.

No. CV-17-00887-PHX-DWL

**ORDER**

Pending before the Court are (1) Parker's "motion to amend, modify and/or vacate or grant relief from portions of the prior amended order" (Doc. 166) and (2) Defendants' motion to strike Parker's motion (Doc. 168), which Parker opposes (Doc. 169). As explained below, both motions will be denied.

## BACKGROUND

On May 13, 2019, the Court issued an amended order that granted in part, and denied in part, Defendants' motion for summary judgment. (Doc. 165.) Specifically, the Court denied summary judgment on Count One (reasonable accommodation) due to the presence of a factual dispute as to whether Parker made an accommodation request to Gee, a member of the AGO's human resources office, on October 28, 2014. (*Id.* at 6-12.) However, as for Count Two (retaliation), the Court granted summary judgment because (1) of the nine adverse employment actions identified in Parker's complaint, Parker hadn't proffered sufficient evidence of three of them[1] and four others simply don't constitute adverse

---

[1]     Specifically, the Court concluded that Parker hadn't proffered sufficient evidence

actions,[2] and (2) as for the remaining two adverse actions (termination and forwarding allegations to AZ Post), Defendants had proffered legitimate reasons that no reasonable jury could deem pretextual. (*Id.* at 13-20.)

On June 10, 2019, Parker filed a "motion to amend, modify and/or vacate or grant relief from portions of the prior amended order." (Doc. 166.) In this motion, Parker asks the Court to reconsider two aspects of its May 13 order: (1) the portion of the discussion of Count One addressing the applicability of the sham affidavit doctrine, and (2) the decision to grant summary judgment as to Count Two. (*Id.* at 6-13.) Parker contends that such reconsideration is authorized by Rules 54(b), 59(e), and 60(b)(1). (*Id.* at 1-6.)

On June 21, 2019, Defendants filed a motion to strike Parker's motion. (Doc. 168.) They contend that Parker's motion "is mischaracterized and cites to inapplicable Rules in an effort to avoid the fact it is a Motion for Reconsideration" and that the motion is therefore untimely because motions for reconsideration must be filed within 14 days of when the challenged order was issued. (*Id.*) Parker has since filed an opposition to the motion to strike. (Doc. 169.)

**ANALYSIS**

I.  Parker's Motion

Parker's motion will be denied. First, as Defendants correctly note, Parker's motion is a request for reconsideration. Such requests are governed by Local Rule 7.2(g) and must, absent good cause, be filed within 14 days of when the challenged order was issued. Here, Parker seeks to challenge an amended summary judgment order that was issued on May 13, 2019. He was therefore required to file his motion by May 27, 2019. The pending

---

concerning the first alleged adverse action (hyper-scrutiny), the sixth alleged adverse action (false statements in response to Parker's workers' compensation application), and the ninth alleged adverse action (causing delay in processing retirement claim). (Doc. 165 at 13-17.)

[2] Specifically, the Court concluded that the second alleged adverse action (accidentally losing a workers' compensation application), the third alleged adverse action (being required to write a memo and to surrender his keys and service weapon while on FMLA leave, coupled with "hostile" demeanor of supervisor), the fourth alleged adverse action (revocation of office access while on FMLA leave, coupled with a nasty comment), and the fifth alleged adverse action (revocation of email access while on FMLA leave) were insufficient. (Doc. 165 at 13-17.)

motion, filed on June 10, 2019, was untimely, and Parker's justifications for the late filing (Doc. 169) don't amount to good cause.

This conclusion is not affected by Parker's invocation of Rules 54(b), 59(e), and 60(b)(1). As an initial matter, Parker's reliance on Rules 59(e) and 60(b)(1) is misplaced. Those rules only apply when a party seeks reconsideration of a final judgment. The May 13, 2019 order isn't a final judgment. *See, e.g., Ali v. Carnegie Instit. of Wash.*, 309 F.R.D. 77, 80 (D.D.C. 2015) ("The Federal Rules of Civil Procedure provide three avenues for seeking reconsideration of judicial decisions. The first is Rule 54(b), which permits reconsideration of interlocutory orders . . . . Whereas Rule 54 governs reconsideration of interlocutory orders, Rules 59(e) and 60(b) dictate when a party may obtain reconsideration of a final judgment."). As for Rule 54(b), the District of Arizona adopted Local Rule 7.2(g) to implement and supplement it. Thus, a litigant seeking relief under Rule 54(b) must comply with Local Rule 7.2(g)'s requirements, which Parker failed to do here. *See, e.g., Marketquest Group, Inc. v. Bic Corp.,* 2014 WL 3726610, *5 (S.D. Cal. 2014) ("In addition to [Rule 54(b)'s] substantive standards, Civil Local Rule 7.1.i.1 requires a moving party to submit an affidavit or certified statement of an attorney . . . ."); *Arnold v. Melwani*, 2012 WL 4296342, *3 (D. Guam 2012) ("Several districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders."); *United States ex rel. Scott v. Actus Lend Lease, LLC*, 2011 WL 13176749, *3 (C.D. Cal. 2011) ("In the Central District of California, Local Rule 7-18 supplements Rule 54(b) and states that a motion for reconsideration of the decision for any motion may only be made on [certain enumerated] grounds . . . .").

Second, Local Rule 7.2(g) states that a motion for reconsideration ordinarily must be based on "new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence" and may not "repeat any oral or written argument made by the movant . . . in opposition to the motion that resulted in the Order." Here, most if not all of the arguments that Parker seeks to raise in his motion for reconsideration are arguments that he also raised in his opposition to Defendants' motion

for summary judgment.

Third, and finally, to the extent Parker is making a "manifest error" claim, his arguments fail on the merits. As for the "sham affidavit doctrine" analysis pertaining to Count One, Parker contends that "[t]he Court incorrectly determined from the record before it that Parker had testified in his workers compensation deposition that he did not inform his supervisors that . . . he wanted a transfer from [the BRC] assignment." (Doc. 166 at 6.) This argument is unavailing. The transcript from the workers' compensation proceeding reveals that Parker told Rubalcava in October 2014 that "I'm going to keep working and I'm going to see how it goes" and then told Loftus in December 2014 that "You know, I can't work on this case anymore." (Doc. 165 at 7.) Those statements are inconsistent with the notion that Parker actually told both Rubalcava and Loftus in October 2014 that he wanted to be removed from the BRC case as a reasonable accommodation.

As for Count Two, Parker begins by arguing that "the Court erred in treating and analyzing each of the nine adverse employment actions . . . as separate discrete acts rather than a collective continuing pattern of adverse actions." (Doc. 166 at 10.) In fact, Parker made this exact argument when opposing Defendants' summary judgment motion (*see* Doc. 150), and the Court specifically addressed and rejected it in the May 13, 2019 order (*see* Doc. 165 at 20 n.12). Next, Parker challenges the Court's conclusion that he failed to produce legally sufficient evidence to support the first alleged adverse employment action (hyper-scrutiny). (Doc. 166 at 11-12.) This argument lacks merit. The sole piece of evidence in the summary judgment record on this point was a paragraph in Parker's declaration asserting that Loftus "hyper-scrutinized my work and became unreasonably critical of me." The Court stands by its earlier conclusion that "[t]his is far too conclusory to suffice—there is no detail as to what the 'hyperscrutiny' and 'unreasonable criticisms' entailed, how often they occurred, whether they were repeated to others, and what impact they had on Parker. Thus, although the Court is mindful of *Ray*'s admonition that the concept of 'adverse employment actions' should be construed broadly, Parker's claim here fails because he simply hasn't met his burden of production." (Doc. 165 at 15.) Finally,

Parker challenges the Court's conclusion that Defendants had a legitimate, non-pretextual reason for forwarding their concerns to AZ Post. (Doc. 166 at 12-13.) The Court stands by its earlier analysis of this issue, too. (Doc. 165 at 19-20.)

II. <u>Defendants' Motion</u>

Defendants have moved to strike Parker's motion due to its untimeliness under Local Rule 7.2(g). (Doc. 168.) This motion can be denied as moot, in light of the Court's rejection of Parker's reconsideration request on the merits.

The Court further notes that a motion to "strike" usually isn't the correct way to deal with a motion that the opposing party believes should be denied. *See, e.g., Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("A movant's right to appeal from an order denying a motion is worth little if the denying judge can strike the motion from the record altogether. Approval of the district court's action would establish a procedure that, if abused, could shield erroneous district court orders from review. We hold that F.R.Civ.P. 12(f) should not be construed as allowing this undesirable result."); *AIRFX.com v. AirFX LLC*, 2012 WL 129804, *1 (D. Ariz. 2012) ("Defendant moves to strike plaintiffs' reply . . . , arguing that the reply raises new arguments. . . . [A] motion to strike in this case is unnecessary, as we do not consider new arguments raised in a reply.").

Accordingly, **IT IS ORDERED** that:

(1) Parker's motion for reconsideration (Doc. 166) is **denied**; and

(2) Defendants' motion to strike (Doc. 168) is **denied**.

Dated this 24th day of June, 2019.

_____
Dominic W. Lanza
United States District Judge